IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **CHARLES GOODWIN GREEN,**  *Plaintiff,*  v.  **CVS HEALTH, ET AL.,**  *Defendants.* | **CIVIL ACTION NO.**  **3:23-cv-00076-TES** |

ORDER GRANTING MOTION TO DISMISS
AND COMPEL ARBITRATION

___

Before the Court is Defendants' Motion to Compel Arbitration and to Dismiss or, in the Alternative, Stay Proceedings. [Doc. 5]. Plaintiff Charles Goodwin Green sued under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA"), seeking damages for injuries he allegedly suffered while working as a pharmacist for Defendant CVS Health ("CVS"). [Doc. 1]. Arguing that Plaintiff's claims are covered by an arbitration agreement between the parties (the "Agreement"), Defendants filed this Motion, requesting that the Court compel arbitration and either dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, or stay these proceedings. [Doc. 5]. Plaintiff did not file a response.

In deciding this matter, the Court must determine whether (1) a valid written

agreement to arbitrate exists, (2) the issues are arbitrable under the agreement, and (3) Plaintiff has failed or refused to arbitrate the claims. *Collins v. Intl. Dairy Queen*, Inc., 2 F. Supp. 2d 1465, 1468 (M.D. Ga. 1998).

The formation of an arbitration agreement is controlled by Georgia contract law, which requires a definite offer and complete acceptance for consideration. *Moreno v. Strickland*, 567 S.E.2d 90, 92; *see Dye v. Tamko Bldg. Prod., Inc.*, 908 F.3d 675, 680 n.4 (11th Cir. 2018) (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016)). Under the FAA, if a suit is brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration," then—upon application of one of the parties—the court should not allow the litigation to proceed until the issues have been arbitrated. 9 U.S.C. § 3.

### A.   **The Arbitration Agreement**

As part of the employment application process, on September 16, 2020, the parties executed a document titled "CVS HEALTH ARBITRATION AGREEMENT" [Doc. 5-2, pp. 7–8]. In the Agreement, the parties exchanged mutual promises to resolve all employment-related disputes through arbitration:

1. **Mutual Agreement to Arbitrate Claims.** . . . [A]ny dispute between You and CVS that is covered by this Agreement ("Covered Claims") will be decided . . . through final and binding arbitration only and will not be decided by a court or jury or any other forum . . . .

>   2. **<u>Claims Covered by this Agreement.</u>** . . . Covered Claims include . . . disputes regarding . . . harassment, discrimination, retaliation and termination arising under the Civil Rights Act of 1964 [or] . . . Age Discrimination in Employment Act . . . . Covered Claims also include disputes arising out of or relating to the validity, enforceability or breach of this Agreement . . . .

[*Id.* at p. 7, ¶¶ 1–2]. The Agreement afforded Plaintiff an opportunity to opt out, but Plaintiff declined to do so. [*Id.* at p. 8, ¶ 7].

All the ingredients for contract formation appear to be present here. *See Moreno*, 567 S.E.2d at 92. But, if Plaintiff wishes to challenge the Agreement's validity, that dispute must also be resolved through arbitration. [Doc. 5-2, p. 7, ¶ 2 ("Covered Claims also includes disputes arising out of or relating to the validity, enforceability, or breach of this Agreement . . . .")].

The Agreement is governed by the Federal Arbitration Act ("FAA") for two reasons. 9 U.S.C. §§ 1–16. First, the parties expressly agreed that the FAA governs. [Doc. 5-2, p. 2 ("This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce.")]. Second, even if the parties had not so agreed, the FAA applies to all contracts "evidencing a transaction involving [interstate] commerce." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1370 (11th Cir. 2005) (quoting 9 U.S.C. § 2). Given the breadth of Congress's Commerce Clause powers and CVS's nationwide pharmacy network, this isn't a close call. The Agreement involves interstate commerce within the meaning of the FAA, so it is governed by the FAA. *See Id.*

B. **Plaintiff's Claims**

Plaintiff's claims all fall squarely within the Agreement's scope. *See* [Doc. 1]. Plaintiff alleges that he suffered from employment discrimination based on his age: his supervisors did not give him a schedule, unfairly disciplined him based on unfounded allegations, told him that he was slow and could not keep up because he was older, and threatened to fire him if he refused to work at a store where the technicians were hostile to him. [Doc. 1, p. 6]. Because the Agreement expressly covers issues of "discrimination . . . arising under the Civil Rights Act of 1964 [and the] . . . Age Discrimination in Employment Act," all of the issues that Plaintiff raises are arbitrable. *See* [*Id.*]; [Doc. 5-2, pp. 7–8].

Additionally, Defendants Wrenn and Rentz have standing to enforce the Agreement. The Agreement expressly states that it covers claims asserted "against CVS *or one of its employees* or agents." [Doc. 5-2, p. 7, ¶ 2]. And there is no dispute that Defendants Wrenn and Rentz are employees of CVS. *See* [Doc. 1, p. 6]; [Doc. 5-1, p. 12]. Thus, they are intended third-party beneficiaries of the Agreement and may enforce it.

C. **Stay or Dismiss**

The Court has discretion to stay or dismiss when, like here, all the issues in a case are arbitrable. To be sure, the FAA appears to mandate a stay rather than dismissal. *See* 9 U.S.C. § 3. But the rule is well-established that the Court may order either—on two separate grounds. First, courts in the Eleventh Circuit treat a motion to compel

4

arbitration as a factual attack on the Court's subject matter jurisdiction, and the Court may dismiss under Federal Rule of Civil Procedure 12(b)(1) if a valid arbitration agreement exists. *See, e.g.*, *Walker v. Hyundai Capital Am., Inc.*, No. CV417-045, 2018 WL 1352173 (S.D. Ga. Mar. 15, 2018). Second, the Eleventh Circuit consistently affirms orders compelling arbitration and dismissing the underlying case when—like here—all the issues must be submitted to arbitration. *See, e.g.*, *Caley*, 333 F. Supp. 2d at 1379, *aff'd*, 428 F.3d 1359 ("The weight of the authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."). Thus, because all of the issues in this case are subject to arbitration, the Court has discretion to either stay or dismiss.

### D. Conclusion

By bringing this case rather than resolving these issues through arbitration, Plaintiff failed to uphold his end of the bargain. Accordingly, the Court **GRANTS** Defendants' Motion to Compel Arbitration [Doc. 5]. And, because all the issues in this case are subject to arbitration, the Court **DISMISSES** Plaintiff's Complaint [Doc. 1] **without prejudice**.

**SO ORDERED**, this 3rd day of November, 2023.

s/Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
